IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
16 DEC 20 PM 2:57
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

ANNETTE SALDIVAR,
        Plaintiff,

-vs-

AUSTIN INDEPENDENT SCHOOL
DISTRICT,
        Defendant.

CAUSE NO.:
A-15-CA-00847-SS

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Austin Independent School District's Motion to Dismiss [#5], Plaintiff Annette Saldivar's Response [#6] in opposition, Defendant's Reply [#7] in support, and Defendant's Supplemental Authority [#8] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This case involves claims for retaliation arising from Defendant Austin Independent School District (AISD)'s termination of Plaintiff Annette Saldivar (Saldivar)'s employment on January 30, 2014. Specifically, Saldivar alleges she was terminated in retaliation for "complain[ing] of age discrimination or, in the alternative, complain[ing] of being denied overtime pay." Compl. [#1] ¶ 2.

Prior to filing the instant lawsuit, Saldivar sued AISD on February 5, 2014, seeking unpaid overtime under the Fair Labor Standards Act (FLSA). *See* Compl. [#1], *Saldivar v. Austin Indep. Sch. Dist.*, No. 1:14-cv-117-SS (W.D. Tex. Feb. 5, 2014) (*Saldivar I*). In that lawsuit, the Court granted Saldivar's first request for leave to amend her complaint to add age discrimination



claims under the Age Discrimination in Employment Act (ADEA) and the Texas Commission on Human Rights Act (TCHRA). *See* Order of June 26, 2014 [#11], *Saldivar I*. Almost a year later, on June 9, 2015, Saldivar filed a second motion for leave to amend her complaint, this time seeking to add retaliation claims under the FLSA, ADEA, and TCHRA. *See* Mot. Amend [#23], *Saldivar I*. The Court denied Saldivar's second motion for leave to amend her complaint to add retaliation claims, concluding "the [December 1, 2014] deadline for amended pleadings and for discovery has long passed[.]" *See* Order of July 1, 2015 [#37] at 2, *Saldivar I*. Following this denial, on September 22, 2015, Saldivar filed the instant lawsuit (*Saldivar II*), asserting her claims against AISD for retaliation under the FLSA, ADEA, and TCHRA.

On October 19, 2015, AISD moved to dismiss *Saldivar II* for improper claim splitting. The parties fully briefed the motion, which is now ripe for the Court's consideration.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully.

*Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman*, 14 F.3d at 1067. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

AISD moves to dismiss *Saldivar II* on the basis that it violates the prohibition against claim splitting. Claim splitting precludes a plaintiff from "prosecuting [her] case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08-CV-1168, 2009 WL 305874, at *4 (N.D. Tex. 2009) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)). The rule against claim splitting is related to the doctrine of claim preclusion, which prohibits a plaintiff from litigating a claim that "could and should" have been brought in an earlier suit where a court of competent jurisdiction renders a final judgment on the merits. *See Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). Unlike claim preclusion, the rule against claim splitting does not require a final judgment. *See Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) ("When a plaintiff files a second complaint

3

alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed.") (emphasis added).

In the Fifth Circuit, the crux of the claim-splitting inquiry is whether "the two actions were based on the same nucleus of operative facts." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992). The Fifth Circuit has directed courts to "look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Id.* "In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Ameritox, Ltd.*, 2009 WL 305874, at *4 (quoting *Sensormatic*, 273 F. App'x at 265).

Claim splitting is designed to "protect the defendant from being harassed by repetitive actions based on the same claim." *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). "This rule finds particular application where[] . . . the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Friends of the Earth, Inc.*, 95 F.3d at 362 (quotation marks and citation omitted).

In *Thomas v. Beaumont Independent School District*, the plaintiff asserted several claims in federal court against the defendant-school district, including age discrimination under the ADEA. No. 1:15-CV-112, 2016 WL 922182, at *1 (E.D. Tex. Feb. 12, 2016), *adopted by* 2016 WL 899870 (E.D. Tex. Mar. 8, 2016). The plaintiff also filed a separate action in state court asserting claims under the Texas Whistleblower Act, alleging he was wrongfully terminated because he reported the school district's alleged "illegal acts" to state agencies. *Id.* at *2. The Magistrate Judge concluded the case presented a "straightforward example of claim-splitting," because "[t]he essence of plaintiff[']s causes of action in both cases is that [the school district] wrongfully terminated his employment." *Id.* at *4.

Like the plaintiff in *Thomas*, Saldivar's claims in both *Saldivar I* and *Saldivar II* concern AISD's allegedly unlawful motive in terminating her employment on January 30, 2014. In her first lawsuit, Saldivar argued her termination was discriminatory; in her second lawsuit, she argued her termination was retaliatory. As AISD points out, many of the factual allegations pled in the *Saldivar I* complaint are identical to the factual allegations pled in the *Saldivar II* complaint. *Compare* First Am. Compl. [#12] ¶¶ 11–12, *Saldivar I* ("Saldivar chose not to resign since she did not engage in any misconduct. . . . AISD then terminated Saldivar."), *with* Compl. [#1] ¶¶ 15, 22, *Saldivar II* ("Saldivar chose not to resign since she did not engage in any misconduct. . . . AISD then terminated Saldivar."). In light of the foregoing, the Court finds Saldivar's claims in *Saldivar I* and *Saldivar II* arise out of the same nucleus of operative facts concerning the termination of her employment on January 30, 2014.[1] *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 898 (5th Cir. 2009) (concluding the plaintiff's claims were subject to claim preclusion, as they all arose "from the fact that he suffered an adverse employment action and that his employer ultimately terminated his employment out of illegal and retaliatory motives").

Moreover, the Court denied Saldivar's request to amend her complaint in *Saldivar I* to add her retaliation claims, because this request came six months after the pleadings amendment deadline had passed and over one month after discovery had closed. Nearly three months after the Court denied Saldivar's request in *Saldivar I*, Saldivar filed the instant lawsuit asserting her retaliation claims against AISD, the same defendant in *Saldivar I*. The rule against claim splitting is often employed "to prevent a plaintiff from filing a new lawsuit after the court in an earlier

---

[1] Saldivar contends the "factual predicates" are distinct in *Saldivar I* and *Saldivar II*, because the Court granted AISD's motion for summary judgment on Saldivar's ADEA claim in *Saldivar I*. *See* Resp. [#6] ¶ 8. However, that AISD prevailed on the merits of Saldivar's ADEA claim is irrelevant to the question of whether her ADEA claim as originally asserted in *Saldivar I* and her claims for retaliation in *Saldivar II* arise out of the same nucleus of operative facts.

5

action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit." See *Ameritox, Ltd.*, 2009 WL 305874, at *4 (quoting *Sensormatic*, 273 F. App'x at 265). In this case, allowing *Saldivar II* to proceed would constitute improper claim splitting. To prevent this procedural end run around the Court's order in *Saldivar I*, *Saldivar II* is DISMISSED WITH PREJUDICE.

Accordingly,

IT IS ORDERED that Defendant Austin Independent School District's Motion to Dismiss [#5] is GRANTED.

SIGNED this the 20th day of December 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE